### John Staffeldt v. Francis Granger et al.

1. PROMISSORY NOTES—*Erasure of Payments Indorsed on Contracts.*—No questions of law being presented, the court reviews the evidence and holds that it sustains the finding of the court below.

**Assumpsit**, on promissory notes. Appeal from the Circuit Court of DuPage County; the Hon. CHARLES A. BISHOP, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

J. R. FLANDERS and D. F. HIGGINS, attorneys for appellant.

WILLIAM H. FISCHER, attorney for appellees; H. H. GOODRICH, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On February 1, 1890, appellant purchased a farm in Will county of William King for the sum of $14,000. The parties entered into a written agreement providing that the

sum of $1,000 should be paid on or before September 1, 1890, and the sum of $500 on or before the first day of February, 1891, and annually thereafter until the whole of said purchase money should be fully paid, with interest at the rate of five per cent per annum, payable annually, on the amount which should remain unpaid from time to time; that when the sum of $7,000 should have been paid, appellant should have a deed to the farm and the balance due should be evidenced by notes secured by a mortgage on the premises. The contract was in duplicate and King undertook to indorse upon both, such payments as were made from time to time. On February 1, 1899, the parties met for a settlement and the contracts showed that $7,000 had been paid upon the principal. King thereupon executed and delivered to appellant the deed to the premises, to which he was entitled. The notes and a trust deed had been made out for $7,000 and King claimed that was the amount due him. Appellant, however, insisted that he should be given credit for $1,000 claimed by him to have been paid in 1892 and entered on his (appellant's) copy of the contract by King, but which the latter afterward marked out. After some discussion, appellant was given credit for the $1,000 claimed by him, together with interest thereon at the rate of five per cent per annum for seven years, making in all $1,350, and the notes and trust deed were given for $5,650 instead of $7,000. A week or two later appellant received a letter from King's attorney, stating that the latter claimed a balance due him on the contract for the sale of the farm of $1,350, and that if the matter was not adjusted, suit would be brought against appellant for that amount. Shortly afterward appellant and his son met with King and his attorney at the latter's office, and as a result of the conference, appellant executed two notes in favor of King, one for $1,000 and the other for $350 in full of the amount which King claimed to be due him, in addition to the amounts secured by the notes and trust deed above mentioned. King sold these notes before maturity to a bank, and they were afterward sued upon and judgments obtained against appellant, which he paid.

This was a suit in assumpsit commenced by King on one note for $650, two for $500 each, and the interest due on eight other notes for $500 each, all secured by the trust deed above mentioned.  Appellant filed a plea of general issue and also of set-off, claiming credit for the amount paid by him to satisfy the judgment against him on the notes for $1,000 and $350 above mentioned, together with interest, amounting in all to $1,532.01, and alleging that said two notes were given without consideration and were obtained from him by fraud and misrepresentation.

A jury was waived and it was also stipulated that the question of the computation of interest upon the various payments made upon the land contract above mentioned, should be submitted to the court, and that his finding of facts upon that question should be taken as true by both parties to the suit.  The court found in favor of King and gave him judgment for $2,517.44, which was the full amount of the demand, the set-off claimed by appellant being entirely disallowed.

No propositions of law were presented and it is not claimed that the court erred in regard to the introduction or rejection of evidence.  There is therefore no question of law involved.  William King having died after the appeal was taken, his executors have been substituted as appellees in this court.

The first question presented is whether appellant was entitled as a matter of fact to credit for the three payments amounting to $1,000, which had been erased by King after he had entered them upon appellant's copy of the contract.  King claimed that these entries, consisting of three several items of $300, $200 and $500, respectively, were made by him in the absence of appellant, and that by mistake he credited the payments as made in the year 1891; that shortly thereafter, having possession of appellant's copy of the contract, he crossed these items out and put them down upon the next page of the contract under the year 1892, where they properly belonged, and that no such payments were made in the year 1891.  On King's own

copy of the contract these items appeared under the date of 1892, but no such payments were credited in 1891. Appellant claimed, on the contrary, that such payments were made by him both in 1891 and 1892. King's testimony, however, is corroborated by the entries in appellant's bank book containing items deposited by appellant to the account of King, which showed that the three items in question were deposited by appellant to the account of King in 1892, and not in 1891; also by the further fact that appellant continued to pay interest up to the settlement on February 1, 1899, on an amount which included the $1,000 which he claims to have paid in 1891.

We are of opinion that the proof wholly failed to show that the three payments in question were made both in 1891 and 1892. Excluding these items and the interest thereon, as must be done, and appellant's claim that he was entitled to the credit for $1,350 at the time of the settlement can not be sustained.

The question whether there was any mistake made in computing interest upon the various payments made on the contract for the sale of the farm, can not be raised in this court, by reason of the stipulation above referred to, which provided that the finding of facts upon that question by the court below, should be taken as true by both parties to the suit. The proofs do not show that there was any fraud or circumvention practiced upon appellant at the office of King's attorney to induce him to sign the notes for $1,000 and $350 above referred to, but on the contrary, the matter was fully explained to him, and he did not sign the notes until after his son and King had gone to the bank and looked over and examined the bank's books bearing upon the question.

The judgment of the court below is accordingly affirmed.